## FRANKLIN TELEGRAPH COMPANY *vs.* SAMUEL L. PEWTRESS.

The defendant engaged desk room in a part of an office of the plaintiffs, at a rent of $250 per year, the term to begin on the 1st of April following. During the month of April he was several times at the office, sometimes alone and sometimes with a person in his employment or in partnership with him; spoke to the agent of the plaintiffs in the office about a railing to be made, and as to the place to put his sign, though the railing was never made nor his sign put up; also engaged the agent to act for him in attending to inquiries and in keeping things left for him in his absence; and on one occasion left some parcels at the office; and placed his business cards in the front window, describing his office as at that place. In assumpsit brought for use and occupation, in which the defendant claimed that he had never taken possession, and in which the court below granted a non-suit for the insufficiency of the evidence, it was held, reversing the judgment on error, that the evidence was sufficient to go to the jury.

A judgment of the lower court denying a motion to set aside a non-suit cannot be revised in this court upon a motion for a new trial, but only on a motion in error.

ASSUMPSIT for use and occupation; brought to the Court of Common Pleas of New Haven County, and tried to the court on the general issue before *Robinson, J.* The plaintiffs' evidence being in, the defendant moved for judgment as in case of non-suit, which motion the court allowed. The plaintiffs then moved that the non-suit be set aside, which motion the court denied, and the plaintiffs brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

The case was originally brought up by a motion for a new trial, but, upon a preliminary objection taken, the judges were all of opinion that, under the statute providing for judgments of non-suit, (Gen. Statutes, p. 443, sec. 4,) the decision of the court below could be revised only upon a motion in error. The motion was then changed, by agreement of counsel, into such a motion.

*T. H. Dewey* and *J. D. Plunkett*, in support of the motion, cited *Lewis* v. *Havens*, 40 Conn., 363.

*W. B. Stoddard*, contra, insisted that the acts of the de-

fendant did not constitute primâ facie evidence of taking possession; that the office of the plaintiffs being a public telegraph office, the defendant's going into it, even frequently, so long as he did not stay, and did nothing there, was not an act of possession ; that his leaving parcels there was not such an act, as he asked permission to do so and did not claim the right to do it ; and that the display of his cards and all his other acts showed only an intention to occupy and not an actual occupation.

FOSTER, J.   If not directly admitted, it does not seem to be denied, that the plaintiffs, in the month of March, 1874, rented desk-room to the defendant in the east end of their office, No. 225 Chapel street, for one year from the 1st of April then next, for $250, payable monthly.   All liability for rent is denied by the defendant, on the ground that there was no lease in writing, no occupation had of the premises, and no possession taken.   So it is claimed that the contract is void under the statute.

The remaining facts may be thus stated :

. The defendant was in the office several times after April 1st, sometimes alone, sometimes in company with a Mr. Deegan, who was supposed to be in partnership with him. He conversed with Mr. Coy, an agent of the plaintiffs, as to fixing the railing of the room, and said he should have had it done before but could not get a carpenter to do the work.   He also asked as to putting up a sign, and was shown by Mr. Coy where he might place it.   He spoke to a sign painter to paint it, telling him where his room was, and that he would furnish the board, but the work was not done.   On some one of these calls the defendant asked Mr. Coy if he would act as his agent, as he wanted some one in the office to answer questions and to keep for him whatever might be left there, as he expected to be there but very little.   Mr. Coy agreed to do so if the company would consent, which. they afterwards did.   About the latter part of April or first of May, the defendant stopped at the office with a basket and bundle, which he asked if he could leave.   Afterwards, on the same day, he called and left

in the office printed cards, such as are commonly used to advertise a business, setting forth the business of the company with which he was connected as agent. He arranged these cards on the window-sill, in that part of the room hired by him. The words, " Office 225 Chapel St.," &c., were on these cards. Mr. Deegan called at the office frequently to see if any one had been there, or left any orders. He called on his own authority and on that of the defendant. In June, 1874, the defendant asked Mr. Coy if Deegan had not told him that he, the defendant, would not want the desk-room after May 1st, saying that he had told him to do so. Afterwards, in the same month, the defendant told Mr. Coy that as soon as he could settle up some trouble that he had, he would call and settle with him.

Without commenting particularly upon any of these facts, it seems to us that here was sufficient evidence of possession, and of use and occupation, certainly, to go to a jury. A primâ facie case was made out.

The motion for a non-suit should not, therefore, have been granted, and the denial of the motion to set it aside was error.

In this opinion the other judges concurred.